When the case at bar was called for trial, by reason of what oc-curred while it was pending, plaintiff concluded that it was unnecessary to determine the merits. Though it be held that under the circumstances the discontinuance was not, in effect, a determination one way or the other upon the merits, such discontinuance, granted against the opposition of the defendant, certainly cannot be construed into a determination that the plaintiff was entitled to the preliminary injunction, nor did it deprive the defendant of the damages which may have been suffered by reason of the preliminary injunction. We do not regard this as an open question, because in two cases in this department, and one in the Third Department, it was held, on almost identical facts, that the case of Palmer v. Foley, supra, did not apply, and that the defendant was entitled to an order of reference to assess the damages. The question whether the plaintiff was or was not entitled to a preliminary injunction was on the motion for a reference before the court, and it has been expressly held that discontinuing the action without the consent of the defendant, and against his opposition, is, in legal effect, a determination that the plaintiff was not entitled to the preliminary injunction. Wynkoop v. Van Beuren, 63 Hun, 500, 18 N. Y. Supp. 557; Amberg v. Kramer (Sup.) 8 N. Y. Supp. 821; Manning v. Cassidy, 80 Hun, 127, 30 N. Y. Supp. 23.

The order accordingly should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

---

(83 App. Div. 235.)

POOLE v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. May 8, 1903.)

1. STREET RAILROADS—INJURIES TO PEDESTRIANS—CROSSINGS—INSTRUCTIONS.

As plaintiff left a curbstone at a street corner, which was 14 feet from the first rail of a street car track on which he was injured, he saw the car 40 or 50 feet away from him, coming at reduced speed. He saw the car suddenly jump forward as he was just at the track, at which time the car was but 15 feet away. From this point plaintiff had about 5 feet to go to carry him across the track, but before he left the further rail he was struck. Defendant's evidence was that the car was approaching slowly to stop at the further corner of the street, when plaintiff ran in front of the car when but a few feet ahead of it, and, though the gripman endeavored to stop the car, he was unable to avoid striking plaintiff. Held, that under such evidence it was error to charge that, though plaintiff was negligent, if, after his negligence occurred, defendant's motorman, in the exercise of ordinary care, could have avoided colliding with him, plaintiff might recover.

Appeal from Trial Term, New York County.

Action by Oscar E. Poole against the Metropolitan Street Railway Company. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

The action is to recover for personal injuries sustained by the plaintiff as he was crossing Broadway on the south cross-walk of Twelfth street in a westerly direction, and stepping from the westerly rail of the north-bound track, by being struck and thrown by a north-bound car, through the alleged negligence of the defendant's gripman. The accident occurred at mid-day, November 22, 1899. The plaintiff's version is that he had crossed to the east

side of Broadway to post a letter on the southeast corner of Twelfth street, and was returning; and when he left the curb, which was 14 feet from the first rail, the car was 40 or 50 feet away and coming with reduced speed, very slowly; that he proceeded looking both up and down, and when at the track he saw the car suddenly jump forward with the jerk of the cable, or for some reason, and bear rapidly down upon him; that when he was at the first rail it was 15 feet away, and he had but 5 feet to go, but had not quite succeeded in getting off the westerly rail when he was struck and hurled from the track; and he had received no signal or warning. The defendant's evidence is to the effect that the car was going slowly at the time of the accident, in order to stop on the north side of the street, and that the plaintiff ran in front of the car when but a few feet ahead of it, and, though the gripman endeavored to stop, he was unable to avoid striking him. After the court had charged the jury, the plaintiff's counsel made several requests, one of which was that: "Even if the plaintiff was negligent in putting himself in a position of peril, if, after such negligence occurred, the defendant's motorman, in the exercise of ordinary care, could have avoided colliding with him, the plaintiff may recover." This request was charged, the defendant duly excepting on the ground that it had no application to the case. The jury returned a verdict of $500 for the plaintiff, and from the judgment thus entered the defendant appeals.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Charles F. Brown, for appellant.

J. Brownson Ker, for respondent.

O'BRIEN, J. We think this judgment should be reversed for the error in charging the request of the plaintiff which had no application to the facts presented. This error we have held in the three recent cases of Csatlos v. Met. St. R., 70 App. Div. 606, 75 N. Y. Supp. 583; Sciurba v. Met. St. Ry., 73 App. Div. 172, 76 N. Y. Supp. 772, and Bortz v. Dry Dock, E. B. & B. R. R. Co., 78 App. Div. 388, 79 N. Y. Supp. 1046, requires a reversal. What was said in Bortz v. Dry Dock, supra, is equally applicable here, namely, that the case "is altogether unlike those in which a new element is introduced to show that, notwithstanding contributory negligence, by the exercise of reasonable care and prudence of a defendant or its servants the accident could be avoided." It is true that we have testimony that the car, while approaching, was suddenly started forward when the plaintiff was at the track; but there is nothing to show that the gripman was aware of the plaintiff's proximity and his position of danger, and thereafter negligently caused the accident. There were presented, therefore, merely the ordinary questions of negligence and freedom from contributory negligence, and no facts to justify charging the plaintiff's request. The evidence with respect to the plaintiff's freedom from contributory negligence was, as shown by a review of the record and by the words of the learned trial judge in denying the motion for a new trial, that he had concluded "to give the plaintiff the benefit of the doubt" he entertained, in view of the finding of the jury, as they may have "regarded his conduct as an error of judgment," was close; and under such circumstances the erroneous charge was particularly harmful.

Our conclusion is that the judgment and order must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.